[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 2, 1992, the plaintiff, Kelvin Corporation ("Kelvin"), filed a complaint against the defendants, Federal Insurance Company ("FIC"), Vinco, Incorporated ("Vinco"), and William Foley, d/b/a Wm. Foley Sons, Inc. ("Foley"). The defendants FIC and Vinco have now filed a motion (#101) to strike the fourth count of the plaintiff's complaint on the basis that it fails to state a claim upon which relief can be granted.
The fourth count of the plaintiff's complaint alleges that the defendant FIC "failed to investigate" Kelvin's claim on a payment bond, in violation of General Statutes 49-42. (The plaintiff misquotes the statutory section as "49-41a" in the fourth count, but notes in its brief that the correct reference should be 49-42.) The fourth count further alleges that the payment bond was issued by FIC to Vinco to secure Vinco's obligations as a general contractor pursuant to a construction contract entered into between Vinco and Foley, a subcontractor. Kelvin alleges its right to seek payment on the bond pursuant to its contract with Foley, whereby Foley agreed to pay Kelvin for CT Page 6675 services and materials supplied by Kelvin for Foley's use in the construction project with Vinco. The fourth count alleges that FIC's failure to pay the bond constitutes an unfair trade practice pursuant to General Statutes 42-110a, Connecticut Unfair Trade Practices Act (CUTPA).
In their motion to strike the defendants contend that the fourth count fails to allege more than a single insurance transaction, and that an allegation of unfair trade practice against an insurance carrier must satisfy the requirements of General Statutes 38a-815, et seq., the Connecticut Unfair Insurance Practices Act (CUIPA).
The allegations in count four clearly fall within the unfair practice of claim settlement as defined by General Statutes 38a-816(6). To sufficiently state a claim for a violation of CUIPA based on unfair settlement practices, the facts must allege conduct that constitutes a "general business practice." General Statutes 38a-816(6). Allegations of an isolated instance of unfair conduct do not satisfy this statute. Mead v. Burns, 199 Conn. 651, 666, 509 A.2d 11 (1986).
The plaintiff, however, argues that the transaction alleged in the fourth count of the plaintiff's complaint does not constitute an "insurance" transaction governed by CUIPA, but rather, relates to a payment bond governed by General Statutes 49-42a. The plaintiff contends that since the disputed underlying transaction is governed by a separate statutory provision, it is not a transaction regulated by CUIPA and may therefore be challenged under CUTPA.
The purpose of a motion to strike is to determine the legal sufficiency of the pleading. Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint . . . [and] must construe [those facts] most favorably to the plaintiff." Gordon v. Bridgeport, 208 Conn. 161, 170,544 A.2d 1185 (1988). The defendants' motion requires this court to make a legal determination as to the nature of the underlying transaction alleged in the fourth count, i.e., whether it relates to insurance or not. Such a determination is not appropriate on a motion to strike, which is limited strictly to whether a pleading states a legally cognizable cause of action. The determination of the status of the transaction in the fourth count can more appropriately be considered on a motion for summary judgment.
For the foregoing reason, the defendants' motion to strike is denied. CT Page 6676
So Ordered.
Dated at Bridgeport, Connecticut this 15 day of July, 1992.
WILLIAM B. LEWIS, JUDGE